(Nos. 82619, 82726 cons.—

VIRGINIA CRUZ, Appellant, v. NORTHWESTERN CHRYSLER PLYMOUTH SALES, INC., *et al.*, Appellees.—JEFFREY KOLAR *et al.*, Appellants, v. ARLINGTON TOYOTA, INC., Appellee.

*Opinion filed November 20, 1997.*

Rhonda L. Walker, of Chicago, for appellant.

James J. Roche and Monica M. Tynan, of James J. Roche & Associates, of Chicago, for appellee Northwestern Chrysler Plymouth Sales, Inc.

Timothy V. Hoffman and Cathleen A. Bloedorn, of Sanchez & Daniels, of Chicago, for appellees Chrysler Corp. and Chrysler Credit Corp.

Edwin R. McCullough and Andy Norman, both of Chicago, for appellants.

Norman Ruber, of Chicago, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

These two consolidated appeals present a common issue: What procedure should plaintiffs follow to obtain statutory attorney fee awards where their causes of action have been submitted to mandatory court-annexed arbitration in accordance with the rules of this court? In each of the cases before us, the fee petitions were presented to and ruled upon by the circuit court after it entered judgment on the arbitration panel's award. For the reasons that follow, we have concluded that this procedure was improper. Plaintiffs should have presented their requests for fees to the arbitration panel, and the arbitration panel should have disposed of the fee requests along with all of plaintiffs' other claims for relief. Accordingly, the judgments of the appellate court setting aside the fee awards must be affirmed.

Both of the appeals before us today arose from consumer complaints against automobile dealerships and manufacturers. In No. 82619, plaintiff, Virginia Cruz, brought an action in the circuit court of Cook County against Northwestern Chrysler Plymouth Sales (Northwestern), Chrysler Credit Corporation (CCC), and Chrysler Corporation (Chrysler) alleging that the Chrysler automobile she purchased from Northwestern and financed through CCC was defective.

Cruz's complaint sought recovery based on breach of express and implied warranties, revocation of acceptance and unconscionability. She also asserted statutory

claims under the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) and the Magnuson-Moss Warranty Act (15 U.S.C. § 2310 (1988)), both of which authorize recovery of reasonable attorney fees and costs.

The circuit court of Cook County is one of those judicial circuits which has, with the approval of our court, elected to utilize the mandatory arbitration procedures set forth in Supreme Court Rules 86 through 95 (155 Ill. 2d Rs. 86, 92; 134 Ill. 2d Rs. 87, 88, 94, 95; 166 Ill. 2d Rs. 89, 90, 93; 145 Ill. 2d R. 91). Because Cruz was seeking only monetary relief and because the amount she was seeking, exclusive of interest and costs, did not exceed the monetary limit authorized by this court for arbitration in Cook County, her case was submitted to a hearing before a panel of arbitrators.

The arbitration panel awarded Cruz $3,361. When none of the defendants filed a notice of rejection of the award and did not request a trial, the circuit court entered judgment on the award in favor of Cruz and against the three defendants in the amount of $3,361 plus costs. See 155 Ill. 2d R. 92; 166 Ill. 2d R. 93.

Following entry of judgment on the arbitration award, Cruz filed a petition with the circuit court asking for an award of her reasonable attorney fees. Cruz premised her petition on section 10a(c) of the Consumer Fraud Act, which provides that

"[i]n any action brought by a person under this Section, the Court may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." Ill. Rev. Stat. 1987, ch. 121½, par. 270a(c).

Cruz had advised the arbitrators and the defendants that she intended to seek such fees if she ultimately prevailed, but stated that she would not present her petition to the arbitration panel. Her view was that she

would not qualify as a "prevailing party" and therefore not be eligible for fees under the statute until the circuit court had entered judgment on the arbitration award.

Defendants opposed Cruz's request, invoking Supreme Court Rule 92(b) (155 Ill. 2d R. 92(b)), which provides that the arbitration panel's award "shall dispose of all claims for relief." Defendants asserted that under this rule, Cruz's request for attorney fees had to be submitted to and disposed of by the arbitration panel along with Cruz's claim for money damages. Because that was not done, defendants asserted that Cruz was precluded from seeking her fees in the circuit court.

Defendants contended, in the alternative, that the circuit court had no basis for granting an award of attorney fees. Defendants pointed out that attorney fees were authorized only if Cruz prevailed on her statutory claims under the Consumer Fraud Act or the Magnuson-Moss Warranty Act. As previously indicated, however, Cruz's complaint asserted numerous other claims besides those, any of which would have supported the arbitration panel's decision. Because the arbitrator's award did not specify which claims it was relying on when it granted the award to Cruz, defendants claimed that it was pure speculation to conclude that Cruz had prevailed on her statutory claims.

The circuit court rejected defendants' arguments. It held that the failure of the arbitration panel to specify the basis for its decision was immaterial because the panel had no power to determine the question of attorney fees. In the circuit court's view, the arbitration process was intended to be inexpensive and timely and brief, and having fee questions determined by arbitration panels was inconsistent with those objectives. The circuit court believed that attorney fee awards fell within the province of the courts, not the arbitrators,

and that fee petitions should be decided by the circuit court in the first instance. Accordingly, the court granted Cruz's petition and awarded her a total of $19,078.28 in attorney fees and costs.

Defendants appealed, claiming that Cruz's recovery should have been limited to the $3,361 awarded by the arbitration panel and that the circuit court had no right to award additional amounts for fees and costs. The appellate court agreed. Adopting one of the arguments asserted by defendants, the court noted that a fee award would only be authorized if Cruz prevailed on her statutory claims under the Consumer Fraud Act or the Magnuson-Moss Warranty Act. As defendants argued, however, there was no basis for concluding that the arbitrators meant to premise their award on a finding that defendants had violated either of those statutes. The arbitration panel's award was silent as to which of Cruz's theories it was based on, and any of Cruz's theories would have supported the full amount of the award.

The appellate court rejected any notion that the matter could be remanded to the arbitration panel for clarification of its decision. The court held that once an arbitration panel has made its award, the litigants must accept it or reject it. The courts in Illinois have no authority to resubmit an award to the arbitration panel for clarification or to modify the arbitrators' award. Although the court can correct an award on timely application of a party "[w]here the record and the award disclose an obvious and unambiguous error in mathematics or language" (155 Ill. 2d R. 92(d)), that exception is inapplicable here. Accordingly, the appellate court reversed the circuit court's judgment awarding fees and costs. 285 Ill. App. 3d 814. The judgment on the underlying arbitration award of $3,361 remained intact.

In No. 82726, plaintiffs, Jeffrey and Linda Kolar, brought an action in the circuit court of Cook County

against Arlington Toyota, Inc., alleging that the company deceived them about a used vehicle they purchased there. The Kolars' complaint, as finally amended, sought recovery from Arlington based on breach of contract and violation of the Consumer Fraud Act. The Kolars' Consumer Fraud Act claim included a request for an award of their reasonable attorney fees.

As with Cruz's cause of action, the Kolars' claims were subject to mandatory court-annexed arbitration and were submitted to a panel of arbitrators. The panel issued an award to the Kolars in the amount of $4,500, and the circuit court entered judgment on that award.

When they presented their claims to the arbitrators, the Kolars did not address the question of attorney fees, as Cruz had in her case. Although their complaint included a request for fees, as did Cruz's, the Kolars made no mention of their intent to press that request until after the circuit court had entered judgment on the arbitrators' award.

Once judgment was entered on the award by the circuit court, the Kolars petitioned the court for an award of their reasonable attorney fees and costs. The Kolars claimed that they were entitled to such fees and costs under section 10a(c) of the Consumer Fraud Act.

In opposing the Kolars' petition, Arlington asserted arguments similar to those advanced by Northwestern, Chrysler and CCC in opposing Cruz's fee petition. The company contended that because the arbitrator's award did not indicate which of the Kolars' claims it was based on, the circuit court had no grounds for concluding that the Kolars were entitled to a fee award under the Consumer Fraud Act. The company also argued that under Supreme Court Rule 92(b), the Kolars should have presented their fee petition to the arbitrators along with their other claims for relief. Because the Kolars failed to do so and did not reject the panel's subsequent award,

the company contended that their fee petition was barred and that the Kolars were precluded from seeking attorney fees from the circuit court.

The circuit court granted the Kolars' petition and awarded them $17,707.20 in attorney fees and $911.01 in costs. It subsequently granted a supplemental petition, awarding the Kolars an additional $8,323.20 in attorney fees and $23.62 in costs.

Arlington appealed. The company did not challenge the underlying judgment of $4,500 or the court's award of $934.63 ($911.01 plus $23.62) in costs. Its sole contention was that the circuit court should not have awarded the Kolars any attorney fees.

The appellate court agreed with Arlington's position and vacated the attorney fees portion of the circuit court's judgment. 286 Ill. App. 3d 43. In reaching that result the court took a different approach than the court in Cruz's case. As we have just discussed, the court in *Cruz* premised its decision on the failure of the arbitrators to set forth the basis for their decision. Had the arbitrators specified that their award was premised on a violation of the Consumer Fraud Act or the Magnuson-Moss Warranty Act, the court presumably would have reached the opposite conclusion, *i.e.*, that the statutory fee award by the circuit court was proper.

Implicit in the *Cruz* court's approach is the belief that the power to adjudicate fee requests remains with the circuit court even where the underlying claim is subject to mandatory court-annexed arbitration. In the Kolars' case, the appellate court rejected that view. Relying on Supreme Court Rule 90(a) (166 Ill. 2d R. 90(a)), which expressly empowers arbitrators to decide the law and the facts of the case, and Rule 92(b) (155 Ill. 2d R. 92(b)), which requires the arbitration panel's award to dispose of all claims for relief, the appellate court held that the arbitration system is not to be used

as a supplement to trial or to decide certain issues piece-meal. The court opined that every claim a plaintiff has, including claims for attorney fees, must be presented to the arbitration panel for consideration, and once the panel rules, its award must be accepted or rejected in its entirety. In the appellate court's view, the circuit court has no power to grant additional relief or to modify the award in any respect except under the limited circumstances set forth in Rule 92(d) (155 Ill. 2d R. 92(d)), which allows correction of an "obvious and unambiguous error in mathematics or language."

Because the Kolars failed to present their claim for statutory fees to the arbitration panel along with their other claims for relief and because they opted not to reject the arbitrator's award and proceed to trial, the appellate court ruled that the circuit court should not have entertained their fee petition. Accordingly, the appellate court vacated that portion of the circuit court's judgment awarding the Kolars their attorney fees.

In their respective cases, Cruz and the Kolars petitioned for leave to appeal from the appellate court's judgments. 166 Ill. 2d R. 315. We allowed both petitions in order to clarify the procedures litigants should follow in applying for statutory fees awards where their cases are subject to mandatory court-annexed arbitration under the rules promulgated by this court. The cases were subsequently consolidated and are now before us for disposition.

In assessing the question of fee petitions under mandatory arbitration, the threshold issue we must resolve is who should consider those petitions, the arbitration panel or the circuit court. As our discussion has indicated, the appellate court panels here took divergent views on this subject. While the court in *Cruz* assumed that fee petitions could be submitted to the circuit court following the arbitration panel's award,

the court in the Kolars' case concluded that any request for fees had to be submitted to the arbitration panel along with all of the other claims for relief in the case. We believe that the approach taken by the court in *Kolar* is the correct one and is the only one that can be squared with the arbitration rules we have adopted.

Under our rules for mandatory court-annexed arbitration, the role of the circuit court is limited. Where, as here, a case is subject to mandatory arbitration and is submitted to a panel of arbitrators for hearing, the responsibility for administering oaths, ruling on the admissibility of evidence, and, most importantly, deciding the law and facts of the case is expressly vested in the arbitrators. 166 Ill. 2d R. 90(a). The circuit court plays no role in adjudicating the merits of the case. Authority for making a determination in favor of one party or the other rests exclusively with the arbitrators, and Rule 92(b) expressly states that the arbitration panel's award "shall dispose of all claims for relief." 155 Ill. 2d R. 92(b).

Once the arbitration panel has made its award, the parties must accept or reject the award in its entirety. If none of the parties file a notice of rejection of the award and request to proceed to trial within the time specified under the rules, the circuit court has no real function beyond entering judgment on the award. 155 Ill. 2d R. 92(c). Although the court can correct an "obvious and unambiguous error in mathematics or language" (155 Ill. 2d R. 92(d)), it cannot modify the substantive provisions of the award or grant any monetary relief in addition to the sums awarded by the arbitrators.

A claim for statutory attorney fees is as much a "claim for relief" under this rule as is a prayer for damages. Indeed, in consumer fraud cases the attorney fee awards can easily constitute the largest part of a plaintiff's recovery. The legislature realized this when it

enacted the fee-shifting provision of the Consumer Fraud Act. That provision is premised on the recognition that plaintiffs would be reluctant to seek redress for consumer fraud if the recovery would be nearly or completely consumed by attorney fees and was designed to encourage plaintiffs who have a cause of action to sue even if recovery would be small. See *Haskell v. Blumthal*, 204 Ill. App. 3d 596, 602 (1990).

Because statutory fee awards can be a substantial, even predominate portion of a party's ultimate recovery, excluding fee petitions from consideration by the arbitrators would make the arbitration process pointless. The system of mandatory arbitration we have adopted will function only if defendants can rely on the arbitrator's award as fixing their maximum exposure to liability. That is why Rule 92(b) requires the award to dispose of all claims for relief. If a defendant may still face a judgment for attorney fees following an adverse arbitration award, he will have no incentive to accept the award no matter how small it might be. The result will be that awards will be rejected as a matter of course. If that happens, the arbitration will have accomplished nothing but to protract the litigation and to make it more costly, complicated, and time consuming for the litigants, the very evils mandatory arbitration was designed to combat.

Allowing the substantive claims in a case to be heard and decided by the arbitration panel while reserving the assessment of fees for later consideration by the circuit court is improper for another reason as well. The determination as to whether fees should be awarded under the Consumer Fraud Act involves consideration of the time and labor required, the novelty and difficulty of the questions involved, the experience and ability of counsel, the skill necessary to perform the legal services rendered, the customary fees charged for such services,

and the benefits resulting to the client. See *Chesrow v. Du Page Auto Brokers, Inc.*, 200 Ill. App. 3d 72, 76 (1990). Virtually all of these factors require direct knowledge of the underlying litigation and counsel's performance. Where a matter has undergone mandatory arbitration, the body that possesses that knowledge is the arbitration panel, not the circuit court. The circuit court will know virtually nothing about the issues in the case, how difficult it was to litigate, or how effectively counsel represented his clients. The arbitration panel, not the circuit court, is therefore the proper body to rule on statutory fee requests.

Because the fee petitions in these two consolidated appeals were not presented to the arbitration panels for a determination along with plaintiffs' other claims for relief, the appellate court properly set aside the attorney fee awards in plaintiffs' favor. In view of this conclusion, there is no reason to address the additional issue, discussed by the appellate court in *Cruz*, as to whether the fee awards were invalid because the arbitration panels failed to indicate that plaintiffs had prevailed on claims for which statutory fees were recoverable. Regardless of what the arbitrators said or failed to say in their awards, the circuit court had no authority to consider and allow plaintiffs' petitions for attorney fees. When none of the parties filed notice of rejection of the awards or moved for correction of an error in the awards, the circuit court's power was limited to taking the awards and entering judgment on them.

For the foregoing reasons, the judgments of the appellate court are affirmed.

*Judgments affirmed.*