SIXTH DIVISION

December 31, 1998

No. 1-98-1112

MBNA AMERICAN BANK, N.A., ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

MARTHA CARDOSO, ) The Honorable

) Wayne D. Rhine,

Defendant-Appellant. ) Judge Presiding.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant, Martha Cardoso, appeals an order of the circuit court of Cook County, which granted the motion of the plaintiff, MBNA American Bank, N.A., to vacate a judgment for attorney fees for defendant, which the court had previously entered, following an arbitration award in favor of defendant.  Defendant claims on appeal that the award of costs including attorney fees to a prevailing defendant, who qualified under section 1(b) of the Credit Card Liability Act (the Act) (815 ILCS 145/1(b)(West 1996)), was manda-tory, and thus the fact that she did not request the fees at the arbitration hearing did not preclude her from requesting an award of such fees by the circuit court when it entered judgment on the arbitration award.

The plaintiff instituted a collection suit against the defendant seeking $6,233.99 plus costs for a claimed credit card debt.  Defendant answered with a verified denial and affirmative defense, essentially stating that she had never applied for, received, or used the credit card which the plaintiff claimed to have issued to her.  Defendant also filed a counterclaim asserting that the facts she had alleged brought her within the purview of the Act, specifically section 1(b), which would entitle her to costs, including attorney fees.  815 ILCS 145/1(b)(West 1996).

The case was assigned to mandatory arbitration, and the arbitrators entered an award in favor of defendant on plaintiff's complaint and finding for defendant on her counterclaim "in the sum of $0.00."  When neither party rejected the award within the statutory time, the circuit court entered judgment for defendant on the award and granted her leave to file a petition for attorney fees and other costs.  Defendant filed a petition claiming filing and jury demand costs in the amount of $221.10, and attorney fees and other related disbursements in the amount of $8,322.15.  On the plaintiff's motion, a briefing schedule was set, but the plaintiff never filed any objection to the amount requested.  On the day the motion was set for consideration, plaintiff asked for and was granted a second briefing schedule.  Plaintiff again never filed an objection to defendant's demands, and the court ordered judgment in favor of defendant for $8,543.25.

Plaintiff moved to vacate the judgment for attorney fees and costs, because defendant did not submit a request for a fee award to the arbitration panel, and the court's granting of fees was thus an impermissible correction of the arbitration award.  The trial court vacated the award on the basis of 
Kolar v. Arlington Toyota, Inc.
, 286 Ill. App. 3d 43 (1996), where the court held that a party was not entitled to attorney fees after the arbitration panel entered an award, and neither plaintiff nor defendant rejected the award, where the party prayed for fees in its complaint but did not raise the issue at arbitration.  The case was affirmed by the Illinois Supreme Court in 
Cruz v. Northwestern Chrysler Plymouth Sales, Inc.
, 179 Ill. 2d 271 (1997).  In that consolidated case, the court decided the issue of "What procedure should plaintiffs follow to obtain statutory attorney fee awards where their causes of action have been submitted to mandatory court-annexed arbitration in accordance with rules of [the supreme] court?"  

In 
Cruz
, both plaintiffs presented fee petitions to the circuit court, which ruled on the petitions, after it entered judgment on the arbitration panel's award.  In both underlying cases, the appellate court reversed, but for different reasons.  The supreme court affirmed the appellate court on the same basis as the appellate court in 
Kolar
, that the plaintiffs should have presented their requests for fees to the arbitration panel and the arbitration panel should have disposed of the fee request along with all of plaintiff's other claims.  
Cruz
, 179 Ill. 2d at 279.    

In reaching its conclusion, the supreme court in 
Cruz
 noted that under the mandatory arbitration rules the circuit court's role is limited.  The court stated that, under Rule 90(a), "the responsi-bility for administering oaths, ruling on the admissibility of evidence, and, most importantly, deciding the law and facts of the case is expressly vested in the arbitrators."  166 Ill. 2d R. 90(a). And, "Rule 92(b) expressly states that the arbitration panel's award shall dispose of all claims for relief."  155 Ill. 2d R. 92(b). 
Cruz
, 179 Ill. 2d at 279.  

The court indicated that statutory attorney fees are as much a claim for relief as a request for damages and to exclude fee petitions from consideration by the arbitrators would make the arbitration process pointless.  Further, the court noted that defendants would have no incentive to accept an arbitration award if they could still face a judgment for attorney fees following an adverse arbitration award.  Lastly, the court found that a fee petition would be appropriately before the arbitration panel because the factors in determining attorney fees (time, labor, difficulty of the questions involved, skill of counsel) would be within the panel's knowledge.  
Cruz
, 179 Ill. 2d at 280-81.  

Defendant, however, contends that the above case is inapplica-

ble to the instant case, because her claim was for mandatory attorney fees under the Act, which states attorney fees are to be treated as "costs," and costs are excluded when determining what cases come to the arbitrators.  Defendant also points out that even in 
Kolar
, "costs" awarded by the trial court after entering judgment on the arbitrator's award were allowed to stand by both the appellate court and the supreme court.  Defendant also contends that 
Cruz
 is distinguishable, because the claims for attorney fees there were based on the Consumer Fraud, and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 
et seq.)
, and the legislative intent of the Acts is different.  Defendant argues that since the Credit Card Liability Act was intended to protect defen-dants,  arbitrators would somehow not be expected to evaluate that claim.

We discern no basis to conclude that 
Cruz
 does not apply to the instant case.  Here, defendant filed a counterclaim requesting attorney fees as part of that counterclaim.  The counterclaim was litigated at arbitration, and an award was entered in favor of defendant on her counterclaim, in the amount of "$0.00."  The supreme court has made it clear in 
Cruz
 that the issue of statutory attorney fees must be litigated within the arbitration, and here it was not presented to the arbitration panel.

Defendant argues that since the Credit Card Liability Act treats attorney fees as costs, and arbitrators cannot award costs, 
Cruz
 is inapplicable.  The last sentence of section 1(b) of the Act states:  "In the event of judgment for defendant, the court shall allow defendant a reasonable attorney's fee, to be taxed as costs."  815 ILCS 145/1(b)(West 1996).  Defendant then states that costs are specifically excluded in determining what cases come to arbitrators because  Supreme Court Rule 86(b) states that, "[a] civil action shall be subject to mandatory arbitration if each claim therein is exclusively for money in an amount or value of not in excess of the monetary limit authorized by the Supreme Court for that circuit or county within that circuit, exclusive of interest and costs."  155 Ill. 2d R. 86(b).  Supreme Court Rule 92(b) states that "[t]he panel shall make an award promptly upon termination of the hearing.  The award shall dispose of all claims for relief.  The award may not exceed the monetary limit authorized by the Supreme Court for that circuit or county within that circuit, exclusive of interest and costs."  Clearly those rules do not exclude costs from the arbitra-tion panel's award, but only exclude the calculation of costs in assessing what is the monetary limit for an award and in determin-ing what cases are proper for arbitration.

Defendant also relies on the fact that, in 
Kolar
 and 
Cruz
, the courts allowed "costs" to stand.  However, there was no challenge made to the costs in the cases; therefore, the issue was not decided.  The issue here is the award of attorney fees not other costs.    

Defendant also relies on the language of the credit card statute stating that since the provision for attorney fees does not come into play until there is "judgment for defendant" and judgment on an arbitration award is not entered by the circuit court until 30 days after the arbitration, the assessment of costs cannot be made until at least 30 days after the arbitrators have performed their duties, and therefore any judgment for costs comes solely within the purview of the court and does not constitute a modification of the arbitrators' award.  

While we do discern the differences between the instant case and the situation presented when the request for attorney fees is made by the plaintiff and is discretionary with the court, we nonetheless believe that the reasoning of 
Cruz
 applies.  Defendant sought the fees as part of her counterclaim against the plaintiff and in that regard she was in the same procedural position as the plaintiff in 
Cruz
.  There was no reason that the arbitration panel could not have discerned whether she was entitled to fees pursuant to statute.  The same policy reasons set forth by the court in 
Cruz
, that the arbitration panel should dispose of all claims and that the arbitration panel, not the court, possesses the direct knowledge needed to rule on the fee requests, lead us to conclude that the defendant should have presented her claim for attorney fees to the arbitration panel.  We therefore affirm the judgment of the circuit court.

Affirmed.

CAMPBELL, P.J., and ZWICK, J., concur.