2020 IL App (1st) 191528

No. 1-19-1528

June 29, 2020

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| GREGORY J. CHINLUND and COLLEEN A. CHINLUND, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 17 L 8917 |
| HEFFERNAN BUILDERS, LLC and GERRY HEFFERNAN, | ) ) ) ) ) | Honorable Patrick J. Sherlock, Judge Presiding. |
| Defendants-Appellants. | | |

_____

JUSTICE WALKER delivered the judgment of the court, with opinion.
Presiding Justice Griffin and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs Gregory and Colleen Chinlund contracted with Gerry Heffernan (Mr. Heffernan) and his company, Heffernan Builders, LLC (Heffernan Builders) (collectively, defendants) to purchase a newly constructed home. The property closing was delayed, and plaintiffs filed suit alleging multiple claims. The circuit court referred the matter to the Cook County Law Division

Commercial Calendar Mandatory Arbitration Program, and the arbitrator found in favor of plaintiffs. The circuit court entered judgment on all counts, even though the arbitrator did not make individual findings on any count. Defendants argue that the circuit court erred by entering judgment on specific counts when the arbitrator made no factual findings. For the following reasons, we reverse and remand.

¶ 2                                    BACKGROUND

¶ 3     Plaintiffs are a married couple residing at 3514 N Leavitt Avenue (property) in Chicago. Prior to September 16, 2015, plaintiffs sought to build a new home. At that time, Mr. Heffernan represented to plaintiffs that he and Heffernan Builders were construction contractors and developers. Defendants owned the property and informed plaintiffs they performed construction services on the property to sell it.

¶ 4     Plaintiffs entered negotiations to purchase the property from defendants and stated that all construction services needed to be completed by November 2, 2015, because that was plaintiffs intended move-in date. Defendants represented that they had the knowledge, skill, and capability to perform the services necessary and that those services would be completed in the timeframe requested.

¶ 5      On September 16, 2015, plaintiffs contracted to purchase the property from defendants for $1.94 million with a closing date of November 2, 2015. The contract specified that the property would be constructed in a workmanlike manner, free from defects, and that defendants were responsible for correcting any faulty work not consistent with the plaintiffs' plans. Plaintiffs also attached a rider to the contract providing for additional improvements to the property (punch list) prior to closing.

June 29, 2020

¶ 6     The property did not close on November 2, 2015, causing plaintiffs to incur costs for alternative living and storage arrangements. On November 5, 2015, the closing took place, and plaintiffs and defendants entered a "Post-Closing Agreement," which included additional punch list items as well as remediation services for identified defects. Plaintiffs paid defendants $1.94 million for the property and defendants' services. Defendants failed to deliver the property on time and failed to perform the obligations listed in the initial contract and post-closing agreement.

¶ 7     On September 5, 2017, plaintiffs filed a five-count complaint asserting claims for breach of contract, breach of implied warranty of workmanlike performance, fraud in the inducement, rescission (in the alternative), and unjust enrichment (also in the alternative).

¶ 8     On December 4, 2017, defendants moved to dismiss the breach of contract and breach of warranty claims asserted against Mr. Heffernan and to strike plaintiffs' claim for attorney fees. The circuit court granted both motions on February 21, 2018. On September 28, 2018, plaintiffs filed their amended complaint. The amended complaint consisted of the following claims: count I—breach of contract against Heffernan Builders, count II—breach of express warranty against Heffernan Builders, count III—breach of implied warranty of workmanlike performance against Heffernan Builders, count IV—fraud in the inducement against defendants, count V—breach of implied warranty of habitability against Heffernan Builders, count VI—rescission in the alternative as to defendants, and count VII—unjust enrichment as to defendants. The amended complaint asserted no claims for attorney fees.

¶ 9     On October 22, 2018, the circuit court referred the matter to the Law Division's Commercial Calendar Mandatory Arbitration Program but excluded the rescission claim.

¶ 10    The arbitration was held on February 28, 2019, and the arbitrator filed notice of the arbitration award the next day. The award, in its entirety, read, "1. All parties participated in good faith. 2. Award in favor of Plaintiff in the amount of $59,500.00." The arbitrator did not make findings of fact or disclose on which claims plaintiffs prevailed. No party rejected the award.

¶ 11    On April 26, 2019, the circuit court entered a judgment on the arbitration award in favor of plaintiffs and imposed jointly and severally liability upon defendants on each claim in the amended complaint (including counts on which Mr. Heffernan was not sued), except the rescission claim. The circuit court scheduled trial on the rescission claim for June 24, 2019.

¶ 12    On May 9, 2019, defendants moved for reconsideration of the judgment on the arbitration award. This motion did not dispute the arbitrator's award in favor of the plaintiffs or the amount awarded. The circuit court entered a briefing schedule with a hearing date of June 21, 2019.

¶ 13    On June 3, 2019, defendants filed a motion to delay the trial set for June 24, 2019, which was denied. On June 21, 2019, the parties agreed to dismiss the rescission claim and strike the June 24, 2019, trial date. On that same date, the circuit court set a hearing for defendants' motion to reconsider for June 28, 2019.

¶ 14    On June 28, 2019, the circuit court entered its amended judgment on arbitration award and found Heffernan Builders liable for breach of contract, breach of express warranty, breach of implied warranty of workmanlike performance, fraud in the inducement, and breach of implied warranty of habitability. Additionally, the circuit court dismissed the unjust enrichment claim based upon the judgment on the express contract. Mr. Heffernan was found liable solely for fraudulent inducement. Defendants tendered payment in satisfaction of the judgment and timely filed a notice of appeal on July 22, 2019.

¶ 15                                                    ANALYSIS

¶ 16    On appeal, defendants contend the circuit court erred by entering judgment on specific counts when the arbitrator did not provide a basis for the award. Defendants do not dispute the arbitrator's decision or the amount of the award, but instead, defendants contest the form of the judgment entered by the circuit court.

¶ 17    Before reaching the merits of this appeal, we must first address the issue of mootness. "A case must remain a legal controversy from the time filed in the appellate court until the moment of disposition." *Davis v. City of Country Club Hills*, 2013 IL App (1st) 123634, ¶ 10. An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief. *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). Generally, this court will not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). Additionally, this court will not review cases simply to establish a precedent or guide future litigation. *Madison Park Bank v. Zagel*, 91 Ill. 2d 231, 235 (1982). When a decision on the merits would not result in appropriate relief, such a decision would essentially be an advisory opinion. *Berlin v. Sarah Bush Lincoln Health Center*, 179 Ill. 2d 1, 8 (1997).

¶ 18    Here, defendants do not seek to reject the arbitration award or the circuit court's decision affirming the award. In fact, defendants have already satisfied the monetary judgment in full. Instead, defendants only argue to modify the language of the judgment so that it conforms to the language of the arbitration award. The controversy, according to defendants, is the "continuing injury on the defendants, whose reputations remain unfairly harmed every day" by the circuit

court's entry of the judgment for fraudulent inducement against each defendant. As real estate developers, defendants allege that a judgment for fraudulent inducement negatively impacts opportunities for acquisition and construction financing during the loan application process. Defendants argue that the "cloud on their reputation" amounts to judicial libel. Plaintiffs, however, argue that defendants' reputational injury is not an actual controversy and defendant's satisfaction of the judgment renders this appeal moot.

¶ 19    This case involves a matter of first impression. Defendants did not reject the arbitration award because there was no explicit finding of fraud in the inducement, which is defendants' primary concern. However, the circuit court's amended judgment presumed liability on every count, including fraudulent inducement. The date on which the circuit court entered judgment for fraudulent inducement was beyond that which defendant could have rejected the arbitration award. Hence, an appeal from the judgment was defendants' only recourse. We are unpersuaded by defendants' judicial libel argument since their reputational injury from the judgment is not an actual controversy before this court. However, defendants' primary argument concerns the circuit court's entry of the judgment for fraudulent inducement. Therefore, we find that this appeal is not moot.

¶ 20    Defendants argue that the standard of review is *de novo* because the judgment involved the application of law. While plaintiffs assert that review is for abuse of discretion because the trial court's decision to affirm the arbitrator's award is not reversed unless there is an abuse of discretion. Before we analyze whether the circuit court abused its discretion, we must first determine, as a matter of law, whether the court had discretion to enter a judgment for fraudulent

inducement based on the general award of the arbitrator where no finding of fraudulent inducement was made.

¶ 21    To address the arguments of the parties, we must interpret the language of Cook County Circuit Court Rule 25.11 (Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014). This undertaking presents a question of law that we review *de novo*. See *Medical Alliances, LLC v. Health Care Service Corp.*, 371 Ill. App. 3d 755, 756-57 (2007) ("[C]onstruction of a supreme court rule presents a question of law that we consider *de novo*.").

¶ 22    The goal of the court is to interpret local and supreme court rules by ascertaining and giving effect to the drafter's intentions. See *In re Estate of Rennick*, 181 Ill. 2d 395, 404-05 (1998). While a circuit court rule is not a statute enacted by the Illinois legislature or the Cook County Board, the interpretation of a rule should follow the same guidelines as statutory interpretation in that each section must be construed consistently with the other sections and subsections. *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007). Further, the words utilized in the rule must be given their plain and ordinary meanings. See *Nix v. Whitehead*, 368 Ill. App. 3d 1, 5 (2006).

¶ 23    The purpose of the mandatory arbitration program is to provide a feasible vehicle for an economical and fair resolution of monetary disputes. *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 17. Local rule 25.11 which governs the arbitration award and judgment, provides:

> "Either party may reject the award if the rejecting party does so within seven business days after receiving the notice of the award from the Administrator. Thereafter, and on the date specified in the trial court's order of Referral to Mandatory Arbitration, the case will be returned to the trial judge for further proceedings or for the entry of judgment on the award." Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014).

¶ 24 A straightforward reading of local rule 25.11 reveals that absent rejection, the simple instruction for the circuit court is to enter "judgment on the award." See *id.* Limiting a party's sole remedy to rejection ensures that the process will not be "unnecessarily prolonged by attempts to dispute the minutiae of an award." *Babcock*, 2012 IL App (1st) 111090, ¶ 17. The issue here, however, is not a dispute over the minutiae of the award but of the judgment for fraudulent inducement. This court has long held that the role of the circuit court in mandatory arbitration cases is limited. *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271, 279 (1997).

¶ 25 In *Cruz*, our supreme court held that the responsibility of "administering oaths, ruling on the admissibility of evidence, and, most importantly, deciding the law and facts of the case is expressly vested in the arbitrators." *Id.* Furthermore, the circuit court should play no role in adjudicating the merits of the case and has no real function beyond entering judgment on the award. *Id.*

¶ 26 Considering the limited role of the court and the efficient purpose of mandatory arbitration, the circuit court's judgment on the arbitration award must be limited to entering a "judgment on the award."

¶ 27 Plaintiffs argue that defendants knew the award was based on those claims and should have simply rejected the award. However, defendants have made clear that the award, which only listed the prevailing party and the amount in monetary damages, was not objectionable. Defendants had no reason to reject this simple award. It was the circuit court's judgment for fraudulent inducement that defendants found problematic.

¶ 28 Plaintiffs then argue that entering judgment on specific counts is consistent with the Illinois law that states that courts presume arbitrators considered and determined all claims submitted.

June 29, 2020

Arbitration is an alternative to trial where all issues raised by the parties are decided by the arbitrator. *Mrugala v. Fairfield Ford, Inc.*, 325 Ill. App. 3d 484, 491 (2001). Mandatory arbitration is designed to combat the "evils" of a "costly, complicated, and time consuming" litigation. *Cruz*, 179 Ill. 2d at 280. Courts presume that arbitrators determine all claims to streamline the process, conserve resources, and avoid a detailed inquiry into the legitimacy of the arbitration award. *Babcock*, 2012 IL App (1st) 111090, ¶ 18.

¶ 29    Here, the circuit court entered the judgment for fraud in the inducement without any findings of fraud. Hence, there was no basis for entering a judgment on the fraudulent inducement count because pursuant to local rule 25.11, the circuit court can only enter "judgement on the award." Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014). After an arbitration award that is not rejected, judgment should not be entered on the pleadings. The arbitration award stated, "award in favor of Plaintiffs in the amount of $59,500.00."

¶ 30    Based on the record, the circuit court's amended judgment on the arbitration award is reversed, and the case is remanded. On remand, the circuit court shall enter a judgment order that states, "judgment in favor of plaintiffs and against defendants in the amount of $59,500.00."

¶ 31                                   CONCLUSION

¶ 32    There is no language in local rule 25.11 that provides for judgment on specific counts, but instead the rule provides that the circuit court shall enter "judgment on the award." Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014).  The purpose of the commercial calendar mandatory arbitration program is to provide an economical and fair resolution of monetary disputes. We reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

¶ 33    Reversed and remanded.

- 9 -

June 29, 2020

---

**No. 1-19-1528**

---

| | |
|---|---|
| **Cite as:** | *Chinlund v. Heffernan Builders, LLC*, 2020 IL App (1st) 191528 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-L-8917; the Hon. Patrick J. Sherlock, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Andrew E. Porter, of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Colleen Chinlund and Leah Jakubowski, of Chinlund Law, of Chicago, for appellees. |

---