2022 IL App (1st) 210310-U

No. 1-21-0310

Order filed April 15, 2022

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LOHMAN LAW OFFICES LTD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 7091 |
| | ) | |
| MEREDITH RIES, | ) | Honorable |
| | ) | Michael F. Otto, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The circuit court did not abuse its discretion in finding defendant failed to show good cause for an extension of time to file a rejection of an arbitration award.

¶ 2  Defendant Meredith Ries appeals from the circuit court's order denying her motion for

leave to file an untimely rejection of an arbitration award rendered in a breach of contract dispute

for unpaid legal fees and costs commenced by plaintiff Lohman Law Offices Ltd.[1] On appeal, defendant argues arbitration counsel's inadvertence and defendant's inability to pay the arbitration rejection filing fee demonstrated good cause for an extension of time to reject the arbitration award. We affirm.

¶ 3    On September 11, 2007, defendant executed a contract for legal services with plaintiff for representation in a dispute for insurance coverage and repairs following a vehicular collision. Plaintiff sent defendant regular invoices for services rendered, and defendant initially paid them. She eventually fell behind on payment, resulting in an outstanding balance totaling $53,663.83, consisting of $52,132.72 in attorney fees and $1531.11 in costs. Plaintiff brought this breach of contract action against defendant, seeking a judgment of $53,663.83, prejudgment interest as provided in the contract, costs, and any other relief the court deemed appropriate.

¶ 4    On August 12, 2019, defendant appeared *pro se* and later filed an answer denying the allegations she owed plaintiff money. On January 10, 2020, counsel filed a substitute appearance on defendant's behalf.[2]

¶ 5    On February 27, 2020, the circuit court entered an order referring the case to commercial mandatory arbitration. The arbitration hearing was conducted on October 8, 2020. The arbitrator issued an award in favor of plaintiff and against defendant in the amount of $75,388.04, plus $294 in court costs. The arbitrator sent each party notice of the arbitration award via email on the same

_____

[1]The record interchangeably refers to plaintiff as "Lohman Law Offices, Ltd." and "Lohman Law Offices, Ltd., as successor to the Law Offices of Robert G. Lohman III." We adopt the party's name as designated in the notice of appeal and reflected in the arbitration award of "Lohman Law Offices Ltd".

[2] Counsel representing defendant on appeal also represented her during arbitration proceedings.

day. On October 26, 2020, defendant filed a "rejection of commercial calendar mandatory arbitration award."

¶ 6    On January 14, 2021, plaintiff filed a "motion to bar rejection and for entry of judgment on award." Plaintiff asserted defendant's rejection filed on October 26, 2020, was untimely under Cook County Circuit Court Rule 25.11 (Local Rule 25.11) (Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014)), which requires a party to file a rejection within seven business days after receiving notice of the arbitration award. Plaintiff argued defendant's failure to file a timely rejection constituted a waiver of her right of rejection under Local Rule 25.11.

¶ 7    On February 10, 2021, defendant filed a "motion for leave to file rejection of arbitration award *nunc pro tunc*" pursuant to Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011). Rule 183 grants a court discretionary authority to extend the time for filing any pleading for good cause shown, even after the filing deadline has passed. See *Gellert v. Jackson*, 373 Ill. App. 3d 149, 151 (2007). Defendant argued good cause existed to grant an extension of time to reject the arbitration award because her counsel incorrectly calendared the deadline. Counsel based the due date on the 30-calendar-day filing period set forth in Illinois Supreme Court Rule 93 (eff. Jan. 1, 1997), instead of the 7-business-day period set forth in Local Rule 25.11. Defendant also argued she was unable to pay the $750 rejection of arbitration award filing fee within the deadline prescribed by Local Rule 25.11, and her counsel awaited that payment prior to filing the rejection.

¶ 8    On February 16, 2021, the circuit court entered an order (1) granting plaintiff's motion to bar defendant's rejection and enter judgment; (2) denying defendant's motion for leave to file rejection; and (3) entering judgment on the arbitration award in favor of plaintiff and against defendant in the amount of $75,388.04, plus $294 in court costs.

¶ 9    On appeal, defendant argues the circuit court erred in denying her motion for leave to file rejection because she established good cause for an extension of time to file her rejection. Specifically, she established her attorney calendared the wrong filing deadline based on a conflict between the due dates under Local Rule 25.11 (7 business days) and Rule 93 (30 calendar days). She also argues her inability to pay the $750 rejection filing fee by the 7-business-day filing deadline showed good cause for an extension of time to file her rejection.

¶ 10    The circuit court of Cook County utilizes a mandatory arbitration program approved by the Illinois Supreme Court. See *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271, 273 (1997). Under the rules of the mandatory court-annexed arbitration, the circuit court does not adjudicate the merits or decide the law and facts of the case, a role expressly vested in the arbitrators. *Id.* at 279. Once the arbitration panel has made its award, the parties must accept or reject the award in its entirety. *Id.* If no timely rejection of the award is filed, "the circuit court has no real function beyond entering judgment on the award." *Id.* Limiting a party's remedy to filing a rejection notice "ensures that the process will not be unnecessarily prolonged by attempts to dispute the minutiae of an award." *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 17.

¶ 11    Under the version of Local Rule 25.11 in effect here, a party must reject an arbitration award within 7 business days of receiving notice of the award, accompanied by a "$750 rejection fee."[3] Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014). Local Rule 25.11 provides a shorter deadline to reject an arbitration award than Rule 93 (Ill. S. Ct. R. 93 (eff. Jan. 1, 1997)), which requires

---

[3]Local Rule 25.11 was subsequently amended, effective April 1, 2021, allowing a party to reject an arbitration award within 14 calendar days after receiving notice of the arbitration award. Cook County Cir. Ct. R. 25.11 (Apr. 1, 2021). We note defendant's October 26 rejection would also have been untimely had the amended rule been in effect.

litigants to reject an arbitration award within 30 calendar days after the filing of the award with the clerk of the court. The Illinois Supreme Court has approved use of the Cook County circuit court's local mandatory arbitration program rules, which include Local Rule 25.11. See *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶¶ 16, 38. Rule 183 (Ill. S. Ct. R. 183 (eff. Feb. 16, 2011)), which permits an extension of time to file a pleading for good cause shown, applies to the filing of a notice of rejection of an arbitrator's award. *Ianotti v. Chicago Park District*, 250 Ill. App. 3d 628, 631 (1993).

¶ 12     The burden for establishing good cause rests on the party moving for additional time. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 344 (2007). Determining what constitutes "good cause" is fact-dependent and rests within the sound discretion of the circuit court. *Schacht v. Lome*, 2016 IL App (1st) 141931, ¶ 29. We will not disturb the circuit court's good cause determination and whether an extension of time should be granted absent an abuse of discretion. *Vision Point of Sale, Inc.*, 226 Ill. 2d . at 354. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 13     Here, the circuit court properly acted within its discretion in finding defendant failed to show good cause based on her counsel's mistaken use of the 30-day deadline for filing the notice of rejection under Rule 93 instead of the correct deadline of 7 business days under Local Rule 25.11. This court has found the 7-business-day filing deadline of Local Rule 25.11 "valid and enforceable" notwithstanding any conflict with the 30-calendar-day deadline set forth in Rule 93. *Jones*, 2018 IL App (1st) 170710, ¶ 38. Therefore, the circuit court's adherence to the requirements of Local Rule 25.11 and finding defendant's noncompliance with that rule failed to show good cause under Rule 183 was not "arbitrary, fanciful, or unreasonable." *Collins*, 2015 IL

118432, ¶ 41; *Greene v. City of Chicago*, 73 Ill. 2d 100, 107-08 (1978) (no good cause shown where an untimely filing was due to the assistant corporation counsel's inadvertent error); *Ianotti*, 250 Ill. App. 3d at 631 (circuit court did not abuse its discretion in finding an "inadvertent error" did not constitute good cause for failing to timely file a notice of rejection of an arbitrator's award).

¶ 14    Likewise, nothing in this record establishes the circuit court abused its discretion in finding defendant failed to show good cause based on her inability to pay the $750 rejection filing fee within the 7-business-day deadline. Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014). In support of her position, defendant claims she required more time to file her rejection because she "is not a wealthy party" and her attorney awaited payment of the filing fee prior to filing the rejection. Because the circuit court's order denying defendant's motion for leave to file rejection indicates that "brief oral argument" was held, defendant was afforded the opportunity to offer any relevant objective evidence to show good cause as to her filing fee claim. *Vision Point of Sale, Inc.*, 226 Ill. 2d at 353. No report of those proceedings is included in the record on appeal. Based on this limited record, we must presume the circuit court heard sufficient evidence to support its finding that no good cause had been shown and acted within its discretion in denying defendant's motion for leave to file rejection. *Id.* (good cause determination rests within the circuit court's sound discretion); *Webster v. Hartman*, 195 Ill. 2d 426, 433-434 (2001) (we will presume that the circuit court's ruling was in conformity with the law in the absence of a complete record).

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 16    Affirmed.