2024 IL App (1st) 230079

No. 1-23-0079

Opinion filed May 3, 2024

Fifth Division

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| IRMA JORDAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21L009979 |
| | ) | |
| ESMERALDA MACEDO, | ) | Honorable |
| | ) | Daniel A. Trevino, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court, with opinion.
Justice Navarro concurred in the judgment and opinion.
Justice Mikva concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1     Following the entry of an arbitration award in her favor in this personal injury action, plaintiff Irma Jordan sought statutory costs, including filing fees and summons fees, and prejudgment interest as the prevailing party. The circuit court denied her request, finding that the arbitration award contained the full amount "which would be reduced to a judgment." On appeal, Ms. Jordan contends that the court erred in denying her motion where she could not have requested these amounts during the arbitration and could only have sought them from the circuit court after it was determined that she was the prevailing party. Ms. Jordan maintains that she is entitled to

these amounts based on the statutory language and that we should remand to the circuit court with directions to award statutory costs and prejudgment interest. For the reasons that follow, we affirm the judgment of the circuit court denying Ms. Jordan's request for statutory costs, but we reverse the judgment of the circuit court denying Ms. Jordan's request for prejudgment interest, and we remand for further proceedings consistent with this order.

¶ 2                                    I. BACKGROUND

¶ 3      In her complaint, Ms. Jordan alleged that she sustained injuries in a motor vehicle accident caused by defendant Esmeralda Macedo. Ms. Jordan alleged that she was stopped at an intersection when Ms. Macedo rearended her vehicle. Ms. Macedo admitted to losing control of her vehicle and accepted responsibility for causing damage to Ms. Jordan's vehicle. Ms. Jordan raised a claim for negligence and alleged that she incurred medical and other expenses in excess of $14,000 as a result of the incident.

¶ 4      After Ms. Macedo filed her answer and affirmative defenses to the complaint, the circuit court referred the matter to the law division's mandatory arbitration program. On October 26, 2022, the arbitrator found in favor of Ms. Jordan and against Ms. Macedo in the amount of $13,070. Neither party rejected the award within the 14 days provided by the Cook County Circuit Court Rules (hereinafter Cook County rules and/or local rule). Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014).

¶ 5      The court set the matter for judgment on the award and the parties communicated with the court via e-mail regarding the procedure for entering judgment. Ms. Jordan's counsel asked the court whether he should include statutory costs and prejudgment interest in the draft order. Ms. Jordan's counsel noted that in calculating prejudgment interest, Ms. Macedo made a settlement offer of $5000 before the arbitration that Ms. Jordan rejected. The circuit court judge responded

that, "[t]oday's date is for 'Judgment on Award.' The Judgment is on the Award of the Arbitrators. Submit an Order consistent with same and your client may separately pursue any other relief they think is just and appropriate."

¶ 6    Consistent with the circuit court judge's instructions, Ms. Jordan's counsel submitted a proposed order reflecting an award of $13,070, noting that the award was not rejected by either party. The court entered judgment on the award on November 28, 2022.

¶ 7    That same day, Ms. Jordan filed a "Motion to Tax Costs and Award Prejudgment Interest." In the motion, Ms. Jordan contended pursuant to section 5-108 of the Code of Civil Procedure (Code) (735 ILCS 5/5-108 (West 2022)), as the prevailing party, she was entitled to recover costs such as filing fees and subpoena fees from Ms. Macedo. Ms. Jordan sought $617.85 in filing fees, $6.17 in alias summons fees, and $61.26 in summons fees. Ms. Jordan also contended that as the prevailing party, she was entitled to an award of prejudgment interest under section 2-1303(c) of the Code (*id.* § 2-1303(c)). She maintained that she was entitled to interest on the difference between the highest settlement offer of $5000 and the amount of the arbitration award of $13,070. She therefore sought interest at 6% per annum on the amount of $8070, for the period between the filing on the lawsuit on October 12, 2021, and the date of the judgment on November 28, 2022, for a prejudgment interest amount of $524.55.

¶ 8    In response, Ms. Macedo contended that Ms. Jordan did not specifically request any statutory costs pursuant to section 5-108 or prejudgment interest in her prayer for relief before the arbitrator. Ms. Macedo maintained that after the arbitrator entered the award, which did not include any statutory costs or prejudgment interest, Ms. Jordan had 14 days to reject it. Because Ms. Jordan did not reject the award, she could not later request the statutory costs and interest before the circuit court, which was required to simply enter judgment on the arbitration award.

¶ 9    In reply, Ms. Jordan asserted that she could not have requested these amounts until the arbitrator determined that she was the prevailing party.

¶ 10    The circuit court denied Ms. Jordan's motion in a written order. The court found that both parties had an opportunity to reject the award, but neither party did so. The court determined that the arbitration award "contained the full amount which would be reduced to a judgment in the absence of a timely filed rejection (which is the situation here)."

¶ 11    The following day, Ms. Jordan filed a notice of appeal from the circuit court's judgment. We find that we have jurisdiction to consider the merits of this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303(a) (eff. July 1, 2017).

¶ 12                                II. ANALYSIS

¶ 13    On appeal, Ms. Jordan contends that the court erred in denying her motion for taxation of statutory costs and prejudgment interest. She asserts that because these amounts did not constitute evidence in support of her claim, she could not have presented them to the arbitrator and could only have sought them from the circuit court after she prevailed in the arbitration. She maintains that, under the statutory language, she was entitled to these costs and interest and she was not required to reject the arbitration award in order to seek them.

¶ 14                            A. Mandatory Arbitration

¶ 15    Mandatory arbitration is an alternative to trial " 'where all issues raised by the parties are decided by the arbitration panel.' " *Hinkle v. Womack*, 303 Ill. App. 3d 105, 110 (1999) (quoting *Kolar v. Arlington Toyota, Inc.*, 286 Ill. App. 3d 43, 46 (1996)). The mandatory arbitration system in Illinois was first authorized by the General Assembly in 1986 (Pub. Act 84-844 (eff. Jan. 1, 1986) (adding Ill. Rev. Stat. 1987, ch. 110, ¶ 2-1001A) (now codified at 735 ILCS 5/2-1001A (West 2022))). *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710,

¶ 11. The following year, the supreme court implemented the system by adopting Illinois Supreme Court Rules 86 through 95. Illinois Supreme Court Rule 86(c) (eff. Jan. 1, 1994) provides that "[e]ach judicial circuit court may adopt rules for the conduct of arbitration proceedings which are consistent with these rules and may determine which matters within the general classification of eligible actions shall be heard in arbitration."

¶ 16     The circuit court of Cook County first implemented its mandatory arbitration program in 1990. *Jones*, 2018 IL App (1st) 170710, ¶ 12. In 2014, Cook County implemented a mandatory arbitration program for certain commercial cases, including personal injury cases. Cook County Cir. Ct. R. 25.1 (Dec. 1, 2014). Local rule 25.8 requires the parties to submit the complaint, answer, and other relevant pleadings to the arbitrator. Cook County Cir. Ct. R. 25.8 (Dec. 1, 2014). The parties must also submit "itemization of the damages claimed in the complaint and counterclaim." *Id.* Pursuant to local rule 25.10, the arbitrator will issue an award based on the evidence presented at the hearing. Cook County Cir. Ct. R. 25.10 (Dec. 1, 2014). Following the entry of the award, either party may reject the award within 14 days. Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014).

¶ 17     The Cook County rules and Illinois Supreme Court Rules 86 through 95 largely provide for the same general procedure for mandatory arbitration. However, the rules do vary in some respects. For example, Illinois Supreme Court Rule 93(a) (eff. Oct. 1, 2021)[1] provides that a party has 30 days to reject an award in contrast with the 14-day limitation of local rule 25.11. Despite this inconsistency, this court has found that the Cook County rules are nonetheless enforceable and valid because the supreme court explicitly approved the rules. *Jones*, 2018 IL App (1st) 170710,

---

[1]Although Rule 93 was recently amended, the previous version of the rule that was in effect at the time the Cook County rules were adopted also provided for a 30-day rejection period. See Ill. S. Ct. R. 93 (eff. June 1, 1987).

¶¶ 20-38. The parties agree that the Cook County rules control in this case. Nonetheless, because of the parity between the two sets of rules, and the supreme court's general supervisory authority over all courts (*id.* ¶ 26), we find that precedent analyzing the supreme court mandatory arbitration rules is relevant to our decision to the extent the Cook County rules are not inconsistent with the Illinois Supreme Court rules.

¶ 18                                    B. Statutory Costs

¶ 19    Ms. Jordan first contends that the circuit court erred in denying her request for costs under section 5-108, including filing fees and summons fees. She maintains that section 5-108 provides for the mandatory award of costs to the prevailing party, but she could seek these costs only after the arbitrator determined that she was the prevailing party. Section 5-108 provides:

> "If any person sues in any court of this state in any action for damages personal to the plaintiff, and recovers in such action, then judgment shall be entered in favor of the plaintiff to recover costs against the defendant, to be taxed, and the same shall be recovered and enforced as other judgments for the payment of money, except in the cases hereinafter provided." 735 ILCS 5/5-108 (West 2022).

Ms. Macedo contends that Ms. Jordan was not entitled to recover these costs because she did not request them as part of the arbitration award. The interpretation of statutory authority and court rules present questions of law, which we review *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10.

¶ 20    We find the supreme court's decision in *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271 (1997) instructive. In *Cruz*, the supreme court heard a pair of consolidated cases where consumers filed complaints against automobile dealerships and manufacturers. *Id.* at 272. The matters were referred to mandatory arbitration under the Illinois Supreme Court rules.

*Id.* at 273. In both cases, the arbitration panel found in favor of the plaintiffs and none of the parties rejected the award. *Id.*

¶ 21    Following the entry of judgment on the arbitration award, the plaintiffs in each case filed petitions with the circuit court asking for an award of reasonable attorney fees. *Id.* The petitions were based on the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, ¶ 261 *et seq.*) which provided that: " '[i]n any action brought by a person under this Section, the Court may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.' " *Cruz*, 179 Ill. 2d at 273 (quoting Ill. Rev. Stat. 1987, ch. 121½, ¶ 270a(c)). The plaintiffs contended that they were not eligible for these fees until the circuit court entered judgment on the arbitration award and they became the " 'prevailing part[ies].' " *Id.* at 273-74. The defendants responded that Rule 92(b) provided that the arbitration panel's award " 'shall dispose of all claims for relief.' " *Id.* at 274 (quoting Ill. S. Ct. R. 92(b) (eff. Jan. 1, 1994)). The defendants asserted that, under this rule, the plaintiffs' request for attorney fees had to be submitted to and disposed of by the arbitration panel along with the plaintiffs' claim for money damages. *Id.* Because the plaintiffs failed to do so, the defendants contended that they were precluded from seeking those fees in the circuit court. *Id.* The circuit court agreed with the plaintiffs and awarded them attorney fees and costs. *Id.* at 274-75.

¶ 22    On appeal to the supreme court, the court determined that the question presented was "[w]hat procedure should plaintiffs follow to obtain statutory attorney fee awards where their causes of action have been submitted to mandatory court-annexed arbitration" in accordance with the Illinois Supreme Court rules? *Id.* at 272. The court explained that under the rules:

"Once the arbitration panel has made its award, the parties must accept or reject the award in its entirety. If none of the parties file a notice of rejection of the award and request

to proceed to trial within the time specified under the rules, the circuit court has no real function beyond entering judgment on the award. [Ill. S. Ct. R. 92(c) (eff. Jan. 1, 1994)] Although the [circuit] court can correct an 'obvious and unambiguous error in mathematics or language' [Ill. S. Ct. R. 92(d) (eff. Jan. 1, 1994)], it cannot modify the substantive provisions of the award or grant any monetary relief in addition to the sums awarded by the arbitrators." *Id.* at 279.

The supreme court found that a claim for statutory attorney fees was as much a " 'claim for relief' " under Rule 92(b) as a prayer for damages. *Id.* The court determined that excluding fee petitions from consideration by the arbitrators would make the arbitration process "pointless" because "[t]he system of mandatory arbitration we have adopted will function only if defendants can rely on the arbitrator's award as fixing their maximum exposure to liability." *Id.* at 280. The court continued:

"If a defendant may still face a judgment for attorney fees following an adverse arbitration award, he will have no incentive to accept the award no matter how small it might be. The result will be that awards will be rejected as a matter of course. If that happens, the arbitration will have accomplished nothing but to protract the litigation and to make it more costly, complicated, and time consuming for the litigants, the very evils mandatory arbitration was designed to combat." *Id.*

¶ 23 The court concluded that because the fee petitions were not presented to the arbitration panel along with the plaintiffs' other claims for relief, the proper remedy was to set aside the attorney fees awards. The court found that the circuit court's authority in this case was limited to "taking the awards and entering judgment on them." *Id.* at 281.

¶ 24 *Cruz*, in conjunction with the Cook County rules and Illinois Supreme Court rules, instructs that the parties are required to present *all* claims for damages to the arbitrators. The *Cruz* court

treated statutory attorney fees as another measure of damages that should have been submitted to the arbitration panel. Although neither section 5-108 nor the Illinois Supreme Court rules provide a specific definition of "costs," the supreme court has defined them as "allowances in the nature of *incidental damages* awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." (Emphasis added.) *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 165-66 (1982). Ms. Jordan's claim for these costs was as much a claim for relief as a prayer for damages. She was therefore required to submit her request to recover these "incidental damages" to the arbitrator. Once the amount of the award was determined, Ms. Jordan's *only* remedy, if she believed that she was entitled to further relief, was to reject the award. See *Cruz*, 179 Ill. 2d at 279. After neither party rejected the award within the time period provided by the Cook County rules, the circuit court's sole function was to enter judgment on the award. See *id.* The court could not, as Ms. Jordan requested, "grant any *monetary relief* in addition to the sums awarded by the arbitrators." (Emphasis added.) *Id.*

¶ 25    Nonetheless, Ms. Jordan maintains that she could not seek these statutory costs until the arbitrator determined that she was the "prevailing party." Ms. Jordan is correct that the statute provides that a plaintiff may recover these amounts only if they are determined to be the prevailing party. However, nothing in the statute prevents a plaintiff from *requesting* these costs in the event they do prevail. Plaintiffs routinely request costs and other statutory amounts in the prayer for relief in their complaint so that such amounts may be awarded if they are successful. Indeed, in her complaint in this case, Ms. Jordan requested "damages according to proof and such other and further relief as this Court deems just, as well as attorneys' fees and costs." There is no reason that Ms. Jordan could not have submitted to the arbitrator the same request for costs that she later

submitted to the trial court.[2] *Kolar*, 286 Ill. App. 3d at 47 ("Plaintiffs proceeded to arbitration with full knowledge of their possible entitlement to statutory attorney fees. Fees were prayed for in their amended complaint. Yet, at arbitration, plaintiffs did not raise the issue."). If the arbitrator did not find in Ms. Jordan's favor, the request for the costs would simply have been denied. If, however, as occurred, the arbitrator found in Ms. Jordan's favor, it then could have added the amount in costs requested to the award, or it could have left the amount to the circuit court's determination by providing a fixed award "plus costs." See, *e.g.*, *Magee v. Garreau*, 332 Ill. App. 3d 1070, 1071 (2002). Only then could Ms. Macedo make an informed decision about whether to reject the award based on the full amount of her liability. *Cruz*, 179 Ill. 2d at 280. This is the procedure envisioned by the mandatory arbitration system.[3] Accordingly, we find that the circuit court did not err in denying Ms. Jordan's request for statutory costs.

¶ 26                                    C. Prejudgment Interest

¶ 27    Ms. Jordan next contends that the court erred in denying her request for prejudgment interest under section 2-1303(c) of the Code. 735 ILCS 5/2-1303(c) (West 2022). Ms. Jordan maintains that the statute requires the award of prejudgment interest on damages recovered in personal injury action in certain circumstances, such as the ones present in this case. Ms. Macedo

---

[2]We note that the record does not contain the parties' submissions to the arbitrator. Nonetheless, Ms. Jordan does not represent that she presented any claim for statutory costs to the arbitrator. Similarly, in her reply in support of her motion for costs and prejudgment interest before the circuit court, she did not dispute Ms. Macedo's contention that she failed to ask the arbitrator to award statutory costs.

[3]We observe that in December 2016, the supreme court amended Illinois Supreme Court Rule 92 (eff. Jan. 1, 2017) to provide that: "Costs shall be determined by the arbitration panel pursuant to law. The failure of the arbitration panel to address costs shall not constitute a waiver of a party's right to recover costs upon entry of judgment." Although, as noted, the Cook County rules control in this case, the supreme court's adoption of this amendment to Rule 92 implies that, prior to the amendment, a party who failed to present a request to recover costs from the arbitrator could not later recover costs upon the entry of judgment from the circuit court. Cook County's decisions to not adopt a similar amendment to its rules signifies that a party's failure to present a request for costs to the arbitration panel constitutes a waiver of a party's right to recover costs upon entry of judgment.

concedes that the statute required the circuit court to award prejudgment interest in this case. She maintains, however, that this mandate requiring the court to modify the arbitration award conflicts with rules discussed above that limit the circuit court's authority to entering judgment on the award. Ms. Macedo asserts that because the conflict involves a "procedural matter primarily within the authority of the judiciary, the rule must prevail [over the statute]." Because these arguments raise only questions of law, our review is *de novo*. See *Fairfield Homes, Inc. v. Amrani*, 2023 IL App (1st) 220973, ¶ 21.

¶ 28    Section 2-1303 provides, in relevant part, that:

"In all actions brought to recover damages for personal injury or wrongful death resulting from or occasioned by the conduct of any other person or entity, whether by negligence, willful and wanton misconduct, intentional conduct, or strict liability of the other person or entity, the plaintiff shall recover prejudgment interest on all damages, except punitive damages, sanctions, statutory attorney's fees, and statutory costs, set forth in the judgment. Prejudgment interest shall begin to accrue on the date the action is filed. **** In entering judgment for the plaintiff in the action, the court shall add to the amount of the judgment interest calculated at the rate of 6% per annum on the amount of the judgment, minus punitive damages, sanctions, statutory attorney's fees, and statutory costs. If the judgment is greater than the amount of the highest written settlement offer made by the defendant within 12 months after the later of the effective date of this amendatory Act of the 102nd General Assembly or the filing of the action and not accepted by the plaintiff within 90 days after the date of the offer or rejected by the plaintiff, interest added to the amount of judgment shall be an amount equal to interest calculated at the rate of 6% per annum on the difference between the amount of the judgment, minus punitive damages, sanctions,

statutory attorney's fees, and statutory costs, and the amount of the highest written settlement offer." 735 ILCS 5/2-1303(c) (West 2022)

As Ms. Macedo concedes, this court has recognized that a prevailing party is entitled to recover interest on an arbitration award. *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 106 (1992) (citing *Wrobel v. Argiris*, 73 Ill. App. 3d 648, 649 (1979)). A claimant is not entitled to interest under section 2-1303 until the arbitrator's award becomes an enforceable judgment. *Sunrise Assisted Living v. Banach*, 2015 IL App (2d) 140037, ¶ 32.[4] Therefore, Ms. Jordan could only request prejudgment interest from the circuit court at the time it entered judgment on the arbitration award.

¶ 29 Ms. Macedo contends, however, that section 2-1303's mandate that all judgments in certain personal injury actions include an award for prejudgment interest directly conflicts with the supreme court's rules governing mandatory arbitration that the court may not modify the award. This argument, however, assumes that the assessment of interest constitutes a modification of the arbitration award. Our precedent is clear that this is not the case.

¶ 30 The assessment of interest is "neither a penalty nor a bonus, but instead a preservation of the economic value of an award from diminution caused by delay." *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 301 (1993). In this sense, interest may not be characterized as "damages." *First Midwest Bank v. Rossi*, 2023 IL App (4th) 220643, ¶ 196. Thus, while the parties are required to submit all claims for damages to the arbitrator,

---

[4]These cases discuss the assessment of postjudgment interest on arbitration awards. Indeed, subsection (a) of section 2-1303 explicitly provides that a prevailing party is entitled to recover postjudgment interest on any "*award*, report or verdict." (Emphasis added.) 735 ILCS 5/2-1303(a) (West 2022). As discussed below, the rationale for permitting the prevailing party to collect postjudgment interest on an arbitration award under this section also applies with regard to the prevailing party's right to collect prejudgment interest on the award and does not represent a modification of the award.

prejudgment interest is not "damages." Rather, "[p]rejudgment interest accrues based upon the delay in resolving a case and bears no relationship to a plaintiff's actual injury. Interest compensates for the use or withholding of money—not physical injury." *Cotton v. Coccaro*, 2023 IL App (1st) 220788, ¶ 48. While a jury, or in this case, the arbitrator, decides the facts and awards money damages, it has no role in awarding prejudgment interest. *Id.* ¶ 49. Rather, the award of prejudgment interest is a ministerial function for the trial court. *Id.* Therefore, an award of prejudgment interest does not qualify as a modification of the substantive provisions of the award or a grant of monetary relief in addition to the sums awarded by the arbitrators. *Cruz,* 179 Ill. 2d at 279. We therefore find no conflict between the section 2-1303(c) and the rules governing arbitration, and we find that the circuit court erred in denying Ms. Jordan's request for prejudgment interest.

¶ 31    The record shows that the action was filed on October 12, 2021. Prejudgment interest began to accrue on that date. Judgment on the arbitration award was entered in favor of Ms. Jordan on November 28, 2022, in the amount of $13,070. Ms. Macedo's "highest written settlement offer" within the 12 months after the filing of the action was $5000. Therefore, under section 2-1303(c), Ms. Jordan was entitled to prejudgment interest at a rate of 6% per annum on $8070—the difference between the $13,070 judgment and the $5000 settlement offer—for the 13 months between the filing of the action and the judgment date. We therefore reverse the order of the circuit court denying the portion of Ms. Jordan's motion requesting prejudgment interest and remand the case with directions to the circuit court to enter an order granting Ms. Jordan prejudgment interest in the amount of $524.55.

¶ 32                                III. CONCLUSION

- 13 -

¶ 33    For the reasons stated, we reverse the part of the circuit court's order denying Ms. Jordan's motion for prejudgment interest and order the circuit court to enter an order granting prejudgment interest consistent with this order. We affirm the circuit court's judgment in all other respects.

¶ 34    Affirmed in part and reversed in part.

¶ 35    Cause remanded.

¶ 36    JUSTICE MIKVA, concurring in part and dissenting in part:

¶ 37    I concur in the majority's conclusion that Ms. Jordan was entitled to prejudgment interest, despite never having specifically requested that the arbitrator include such interest in the award. But for all the reasons that the majority was correct in reaching that conclusion, I believe that it is wrong in concluding that Ms. Jordan was not also entitled to statutory court costs.

¶ 38    As the majority explains (*supra* ¶ 16), under the Cook County Circuit Court's mandatory arbitration program, the arbitrator issues an award based on the evidence presented at the hearing, and the parties have 14 days to reject the award. Rule 92 provides that "[i]n the event none of the parties files a notice of rejection of the award and requests to proceed to trial ***, any party thereafter may move the court to enter judgment on the award." Ill. S. Ct. R. 92(c) (eff. Jan. 1, 2017).

¶ 39    As the majority notes (*supra* ¶ 16), local rule 25.8 requires each party to submit an "itemization of the damages claimed in the complaint and counterclaim." Cook County Cir. Ct. R. 25.8 (Dec. 1, 2014). The rule makes no mention of either prejudgment interest or costs. As the majority also notes (*supra* ¶ 25 n.2), Ms. Jordan does not dispute Ms. Macedo's contention that she did not specifically ask the arbitrator to award her statutory costs. The parties also agree that Ms. Jordan never asked the arbitrator to award her prejudgment interest.

¶ 40    The majority explains, (*supra* ¶ 30), why Ms. Jordan, as the prevailing party, was entitled to prejudgment interest, although she did not specifically seek that relief from the arbitrator. It notes that (1) "[p]rejudgment interest *** bears no relationship to a plaintiff's actual injury," (2) that "[w]hile a jury, or in this case, the arbitrator, decides the facts and awards money damages, it has no role in awarding prejudgment interest" because "the award of prejudgment interest is a ministerial function for the trial court," and (3) that "an award of prejudgment interest does not qualify as a modification of the substantive provisions of the award or a grant of monetary relief in addition to the sums awarded by the arbitrators." (Internal quotation marks omitted.) *Supra* ¶ 30. All these statements are equally true of statutory costs and are the reasons that statutory costs, like prejudgment interest, need not be submitted to the arbitrator or made a part of the arbitration award.

¶ 41    As with prejudgment interest, an award of statutory costs bears no relationship to the underlying injury. Rather, as our supreme court has made clear, statutory "court costs," such as "filing fees, subpoena fees, and statutory witness fees," are mandated by statute. *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 302 (2003). An award of such costs, like an award of prejudgment interest, is a purely ministerial act.

¶ 42    Indeed, costs bear even less relationship to the damages for the underlying injury than prejudgment interest does. Prejudgment interest is calculated as 6% per year of the amount recovered in actual damages for personal injury less, as in this case, a possible setoff for a settlement offer from the defendant. 735 ILCS 5/2-1303(c) (West 2022). In contrast, the costs at issue here are fees set by the court that are uniform in all cases. *Vicencio*, 204 Ill. 2d at 302.

¶ 43    Moreover, as with prejudgment interest, there is no entitlement to costs until a fact finder, be it the jury or an arbitrator or judge, considers the merits and the plaintiff prevails. As the statute

makes clear, there is no entitlement until the plaintiff "recovers in such action." 735 ILCS 5/5-108 (West 2022).

¶ 44    Very recently, when we decided that the prejudgment interest statute, as amended, was constitutional, this court equated the ministerial nature of prejudgment interest and of costs, noting:

> "The jury decides the facts and awards money damages, but the jury has no role in awarding prejudgment interest. It is a ministerial function for the trial court, no different from *awarding costs*, imposing postjudgment interest, or setting off the verdict, as in this case, to account for funds received from settling defendants." (Emphasis added.) *Cotton v. Coccaro*, 2023 IL App (1st) 220788, ¶ 49.

¶ 45    The majority's attempt to distinguish between costs and prejudgment interest rests on authorities that are simply inapplicable. Our supreme court held in *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271, 274 (1997), that a plaintiff's request for attorney fees had to be submitted to and disposed of by the arbitration panel as part of the mandatory arbitration program under the supreme court rules. The court gave two clear reasons for that requirement, and neither would ever apply to costs.

¶ 46    The court gave as its first reason for reaching this result:

> "Because statutory fee awards can be a substantial, even predominate portion of a party's ultimate recovery, excluding fee petitions from consideration by the arbitrators would make the arbitration process pointless. The system of mandatory arbitration we have adopted will function only if defendants can rely on the arbitrator's award as fixing their maximum exposure to liability." *Id.* at 280.

¶ 47    The *Cruz* court's second rationale was that an award of fees requires consideration of the time and labor involved, the skill required for the work performed, what customary fees are in similar circumstances, and what benefits the client received. As the court reasoned:

"Where a matter has undergone mandatory arbitration, the body that possesses that knowledge is the arbitration panel, not the circuit court. The circuit court will know virtually nothing about the issues in the case, how difficult it was to litigate, or how effectively counsel represented his clients. The arbitration panel, not the circuit court, is therefore the proper body to rule on statutory fee requests." *Id.* at 281.

¶ 48    In contrast to attorney fees, court costs are limited and insignificant. In this case, they totaled less than $800. They are also ministerial and automatic. Nothing in the award of costs requires any understanding about the issues, the difficulty of litigating the case, or the effectiveness of counsel. The *Cruz* court's rationale for having the arbitrator consider the amount of attorney fees is thus irrelevant to the consideration of costs. There is no practical reason that the arbitrator needs to decide or calculate costs as part of their award or that the losing side needs to know what the costs are before deciding whether to reject the award. The majority simply ignores the rationale for the *Cruz* court's holding.

¶ 49    The majority also relies on the amendment to Rule 92 that took effect on January 1, 2017. *Supra* ¶ 25 n.3. Prior to the amendment, Rule 92 was silent regarding whether arbitrators could award costs. It was amended to specifically authorize arbitration panels to determine costs and now provides that "[c]osts shall be determined by the arbitration panel pursuant to law." Ill. S. Ct. R. 92(e) (eff. Jan. 1, 2017). The amended rule goes on to provide: "The failure of the arbitration panel to address costs shall not constitute a waiver of a party's right to recover costs upon entry of judgment." *Id.*

¶ 50    The majority concludes that the failure of Cook County to adopt a similar amendment "signifies that a party's failure to present a request for costs to the arbitration panel constitutes a waiver of a party's right to recover costs upon entry of judgment." *Supra* ¶ 25 n.3. In my view, the contrary is true. Cook County's failure to adopt a similar rule reflects the understanding in Cook County, as was apparently true throughout the state until Rule 92 was amended, that costs would *not* be considered by an arbitrator. The amendment to Rule 92 was to allow arbitrators to consider and calculate costs, while ensuring that prevailing parties would still be able to collect costs if arbitrators failed at taking on this new responsibility.

¶ 51    On a final note, unlike prejudgment interest, statutory costs can be awarded to both a plaintiff and a defendant. 735 ILCS 5/5-108 (West 2022) (titled "Plaintiff to recover costs"); *id.* § 5-109 (titled "Defendant to recover costs"). Under the court's ruling today, both sides must provide to the arbitrator a specific cost calculation, presumably with evidentiary support, or be foreclosed from a recovery of this statutory right. I do not think that is in keeping with the arbitration rules or with the statutory right to costs.

¶ 52    I respectfully dissent.

***Jordan v. Macedo*, 2024 IL App (1st) 230079**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-L-009979; the Hon. Daniel A. Trevino, Judge, presiding. |
| **Attorneys for Appellant:** | Craig M. Sandberg, of Sandberg Law Office, P.C., of Deerfield, for appellant. |
| **Attorneys for Appellee:** | Jonathan W. Goken and Cameron W. Ash, of Lewis Brisbois Bisgaard & Smith, LLP, of Chicago, for appellee. |