**2025 IL 130687**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 130687)

IRMA JORDAN, Appellant, v. ESMERELDA MACEDO, Appellee.

*Opinion filed March 20, 2025.*

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Rochford, and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1        The plaintiff, Irma Jordan, filed a negligence complaint in the circuit court of Cook County against the defendant, Esmerelda Macedo, which was referred to Cook County's mandatory arbitration program. The arbitrator found in favor of Jordan in the amount of $13,070, and neither party rejected the award. Jordan then submitted the award to the circuit court for judgment.

¶ 2        The circuit court entered judgment on the arbitration award. That same day, Jordan filed in the circuit court a "Motion to Tax Costs and Award Prejudgment Interest." Jordan's motion sought prejudgment interest on her award amount, as well as statutory costs to which she asserted she was entitled as the prevailing party. The circuit court denied Jordan's motion on the basis that the arbitration award "contained the full amount which would be reduced to a judgment in the absence of a timely filed rejection."

¶ 3        The appellate court affirmed the part of the circuit court's judgment denying Jordan's motion for statutory costs but reversed the part of the circuit court's judgment denying Jordan's motion for prejudgment interest. 2024 IL App (1st) 230079. For the following reasons, we reverse the judgment of the appellate court in part and affirm in part.

¶ 4                                              BACKGROUND

¶ 5        On October 12, 2021, Jordan filed a negligence complaint against Macedo in the circuit court of Cook County after they were involved in a car accident. Jordan's complaint sought, *inter alia*, recovery for her medical expenses totaling more than $14,000. The circuit court referred the matter to Cook County's mandatory arbitration program.

¶ 6        Following the arbitration hearing, the arbitrator made an award in favor of Jordan in the amount of $13,070. Neither party rejected the award pursuant to Cook County Circuit Court Rule 25.11 (eff. Apr. 1, 2021).

¶ 7        Jordan then submitted the arbitration award to the circuit court for entry of the judgment. On November 28, 2022, the circuit court entered judgment on the arbitration award.

¶ 8        That same day, Jordan filed in the circuit court a "Motion to Tax Costs and Award Prejudgment Interest." The motion sought prejudgment interest on the arbitration award, as well as mandatory statutory costs pursuant to section 5-108 of the Code of Civil Procedure (Code) (735 ILCS 5/5-108 (West 2022)). Specifically, Jordan sought to recover $524.55 in prejudgment interest and $685.28 in statutory costs, which included filing fees, an alias summons fee, and the sheriff's summons

fee. In her motion, Jordan argued that, as the prevailing party who had obtained a judgment in her favor through the arbitration award, she was entitled to reimbursement for these statutory costs as well as prejudgment interest.

¶ 9        The circuit court denied Jordan's motion. The court's written order stated: "The Arbitration Award contained the full amount which would be reduced to a judgment in the absence of a timely filed rejection (which is the situation here)."

¶ 10        Jordan appealed the circuit court's judgment denying her motion. In addressing Jordan's argument that she was entitled to the statutory costs, the appellate court relied upon this court's holding in *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271, 279 (1997), that the prevailing party in an arbitration proceeding may not subsequently seek statutory attorney fees in the circuit court. 2024 IL App (1st) 230079, ¶¶ 20-24. Based on *Cruz*, the appellate court held that Jordan was required to present her request for costs to the arbitrator. *Id.* ¶ 24. The appellate court recognized Jordan's argument that she was only entitled to statutory costs after being declared the prevailing party but stated that nothing prohibited her from *requesting* the costs in advance. *Id.* ¶ 25. According to the appellate court, the arbitrator could have then added the costs to the award amount, which would have allowed Macedo to understand her full liability before accepting or rejecting the award. *Id.* The appellate court stated that "[t]his is the procedure envisioned by the mandatory arbitration system." *Id.*

¶ 11        In a footnote, the appellate court noted that, in December 2016, this court amended Rule 92 to add paragraph (e), which provides: " 'Costs shall be determined by the arbitration panel pursuant to law. The failure of the arbitration panel to address costs shall not constitute a waiver of a party's right to recover costs upon entry of judgment.' " *Id.* ¶ 25 n.3 (quoting Ill. S. Ct. R. 92(e) (eff. Jan. 1, 2017)). The appellate court found this amendment implied that, previously, "a party who failed to present a request to recover costs from the arbitrator could not later recover costs upon the entry of judgment from the circuit court." *Id.* The appellate court further noted that Cook County did not adopt a similar amendment to its local rules, which "signifies that a party's failure to present a request for costs to the arbitration panel constitutes a waiver of a party's right to recover costs upon entry of judgment." *Id.* Accordingly, the appellate court held that, because Jordan had

failed to present her request for costs to the arbitrator, the circuit court did not err in denying her request for costs. *Id.* ¶ 25.

¶ 12 However, the appellate court agreed with Jordan's argument that she could request prejudgment interest in the circuit court, as she was not entitled to prejudgment interest until judgment on the arbitration award was entered. *Id.* ¶ 28. The appellate court stated:

"[W]hile the parties are required to submit all claims for damages to the arbitrator, prejudgment interest is not 'damages.' *** Rather, the award of prejudgment interest is a ministerial function for the trial court. [Citation.] Therefore, an award of prejudgment interest does not qualify as a modification of the substantive provisions of the award or a grant of monetary relief in addition to the sums awarded by the arbitrators." *Id.* ¶ 30.

The appellate court accordingly reversed the part of the circuit court's order denying Jordan's motion for prejudgment interest and affirmed the part of the circuit court's order denying Jordan's motion for statutory costs. *Id.* ¶ 33.

¶ 13 Justice Mikva concurred in part and dissented in part. *Id.* ¶¶ 36-52 (Mikva, J., concurring in part and dissenting in part). Justice Mikva concurred with the majority's conclusion that Jordan was entitled to prejudgment interest despite never requesting it from the arbitrator. *Id.* ¶ 37. But "for all the reasons that the majority was correct in reaching that conclusion," she believed it was wrong to conclude that Jordan was not also entitled to the statutory costs. *Id.*

¶ 14 Justice Mikva stated that, "[a]s with prejudgment interest, an award of statutory costs bears no relationship to the underlying injury" and that an award of such costs is a "purely ministerial act." *Id.* ¶ 41. She further found that *Cruz* is inapplicable to this matter, as statutory attorney fees can be substantial and require the circuit court to consider the time, labor, and skill involved in litigating the case, which the circuit court cannot know when the case was decided by an arbitrator. *Id.* ¶¶ 45-47. In contrast, Justice Mikva noted that statutory costs are limited, ministerial, and automatic. *Id.* ¶ 48. "Nothing in the award of costs requires any understanding about the issues, the difficulty of litigating the case, or the effectiveness of counsel." *Id.*

- 4 -

¶ 15    Regarding the failure of Cook County to adopt an amendment to its local rules similar to the amendment to Rule 92, Justice Mikva found that fact to reflect a prior understanding in Cook County that costs would not be considered by an arbitrator. *Id.* ¶ 50. According to Justice Mikva, "[t]he amendment to Rule 92 was to allow arbitrators to consider and calculate costs, while ensuring that prevailing parties would still be able to collect costs if arbitrators failed at taking on this new responsibility." *Id.*

¶ 16    This court granted Jordan's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Dec. 7, 2023).

¶ 17                                    ANALYSIS

¶ 18    At issue in this appeal is whether the trial court correctly denied Jordan's motion for statutory costs.[1] The trial court concluded that it could not grant statutory costs because the arbitration award included the full amount Jordan was entitled to recover in this case and Jordan did not reject the award. To determine whether the trial court's decision was correct, this court must determine whether Jordan was required to request statutory costs during the arbitration hearing or if she could seek those costs in the trial court after it entered judgment on the arbitration award. Whether the trial court has authority to award such costs is a question of law, which we review *de novo*. *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 299 (2003).

¶ 19    When a case is referred to the Cook County Mandatory Arbitration Program, the responsibility of deciding the law and facts of the case "is expressly vested in the arbitrators." *Cruz*, 179 Ill. 2d at 279. "The arbitrator will issue an award (the decision) based on the evidence presented at the hearing and prepare an Award Form." Cook County Cir. Ct. R. 25.10 (eff. Apr. 1, 2021). Once the arbitrator has made its award, the parties must accept or reject the award within 14 days. *Cruz*, 179 Ill. 2d at 279; Cook County Cir. Ct. R. 25.11 (eff. Apr. 1, 2021). The award is then submitted for entry of judgment to the trial court, which has "no real function" in the case beyond entering the judgment. *Cruz*, 179 Ill. 2d at 279; Ill. S. Ct. R.

---

[1]As noted, the trial court also held that it could not award Jordan prejudgment interest. That ruling, which was reversed by the appellate court, is not at issue in this appeal.

92(c) (eff. Jan. 1, 2017).

Here, after the trial court entered judgment on the arbitration award in the amount of $13,070, Jordan sought statutory costs pursuant to section 5-108 of the Code, which provides:

> "If any person sues in any court of this state in any action for damages personal to the plaintiff, and recovers in such action, then judgment shall be entered in favor of the plaintiff to recover costs against the defendant, to be taxed, and the same shall be recovered and enforced as other judgments for the payment of money, except in the cases hereinafter provided." 735 ILCS 5/5-108 (West 2022).

¶ 20    There is no dispute that Jordan filed a lawsuit against Macedo and successfully recovered, making section 5-108 applicable to her case. The only question is whether Jordan waived her right to collect the statutory costs because she did not request them from the arbitrator.

¶ 21    We find that the answer to this question is provided by Illinois Supreme Court Rule 92(e) (eff. Jan. 1, 2017). That provision, which was added to Rule 92 in December 2016, states: "Costs shall be determined by the arbitration panel pursuant to law. The failure of the arbitration panel to address costs shall not constitute a waiver of a party's right to recover costs upon entry of judgment." *Id.*

¶ 22    The language of Rule 92(e) clearly supports Jordan's contention that she did not waive her right to statutory costs. The rule expressly states that a party may request statutory costs upon entry of judgment, even if those costs were not determined by the arbitrator.

¶ 23    Nevertheless, Macedo contends that Rule 92(e) is inapplicable in this case and that Jordan did waive her right to statutory costs. Macedo argues that Rule 92(e) should be read as stating that a party is required to submit a request for costs to the arbitrator and, if the party fails to do so, the party has waived the right to seek costs in the trial court. In other words, according to Macedo, Rule 92(e)'s no-waiver rule only applies when the party first submits a request for costs to the arbitrator but the arbitrator does not address that request. That did not occur in this case because Jordan did not submit her request for costs to the arbitrator. Consequently, Macedo argues, Jordan waived her right to seek costs in the trial court. We disagree.

¶ 24    Macedo's reading of Rule 92(e) is inconsistent with the actual language of the rule. Rule 92(e) does, in fact, state that costs are to be determined by the arbitrator, thereby encouraging parties to submit their requests for costs during arbitration. *Id.* ("Costs shall be determined by the arbitration panel ***."). However, the rule also unequivocally states that, if the arbitrator does not make that determination, the prevailing party does not waive the right to seek costs in the trial court upon judgment of the arbitration award. Macedo's reading of Rule 92(e) would require us to read language into the rule stating that the no-waiver provision only applies if the prevailing party first requests costs before the arbitrator. This, of course, we may not do. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22 (when interpreting an Illinois Supreme Court rule, courts will not depart from the plain language of the rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent). By its plain terms, Rule 92(e) states that if statutory costs are not addressed by the arbitrator—for any reason, including a party's failure to submit costs to the arbitrator—the prevailing party retains the right to seek those costs in the trial court.

¶ 25    The appellate court found the fact that the Cook County circuit court did not adopt an amendment similar to Rule 92(e) in its local rules "signifies that a party's failure to present a request for costs to the arbitration panel constitutes a waiver of a party's right to recover costs upon entry of judgment." 2024 IL App (1st) 230079 ¶ 25 n.3 (majority opinion). This analysis is incorrect.

¶ 26    Cook County's mandatory arbitration program is governed by the Circuit Court Rules of Cook County. *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶ 12. Illinois Supreme Court Rule 86(c) (eff. Jan. 1, 1994) explicitly allows each judicial circuit court to adopt local rules for the conduct of arbitration proceedings that are consistent with Illinois Supreme Court rules. Importantly though, as stated in Rule 86(c), the circuit court rules must be consistent with Illinois Supreme Court rules. *Jones*, 2018 IL App (1st) 170710, ¶ 22. "This court has long held that although circuit courts share some authority with this court to make rules, the rules promulgated by the circuit court are subject to review by this court and may not conflict with this court's rules." *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 357 (2007).

¶ 27    Contrary to the appellate court's reasoning, the Cook County circuit court's silence on the issue of statutory costs does not mean that a party waives the right to seek those costs in the trial court by failing to request them in arbitration. It merely establishes that Rule 92(e) is the sole governing authority on this matter. There is no valid reason to deem Rule 92(e) inapplicable here, particularly since local rules must defer to Illinois Supreme Court rules. See *Jones*, 2018 IL App (1st) 170710, ¶ 23. Therefore, Rule 92(e)'s directive that a party does not waive the right to seek statutory costs in the trial court is applicable to Cook County arbitration proceedings.

¶ 28    To summarize, we hold that, pursuant to the plain language of Rule 92(e), statutory costs can and should be sought during an arbitration proceeding. However, if for some reason those costs are not addressed, the prevailing party is entitled to seek the costs in the trial court upon entry of judgment on the arbitration award.

¶ 29    We note that this holding is not at odds with our decision in *Cruz*. *Cruz* held that circuit courts have no authority to consider petitions for attorney fees following judgment on an arbitration award. *Cruz*, 179 Ill. 2d at 281. *Cruz* did not address the question of statutory costs and did not address the language of Rule 92(e), the controlling authority in this case.

¶ 30    In addition, as correctly explained by Justice Mikva in her partial dissent in this case in the appellate court below, our ruling in *Cruz* was based on the fact that attorney fee awards can be substantial and require knowledge of the case. 2024 IL App (1st) 230079, ¶ 47 (Mikva, J., concurring in part and dissenting in part) (citing *Cruz*, 179 Ill. 2d at 281). This is not the case for the statutory costs at issue in this matter, which are mandatory, limited, and ministerial. A losing party who accepts an arbitration award might be caught off guard by additional requests for attorney fees; however, the same cannot be said for statutory costs pursuant to section 5-108. Thus, *Cruz*'s ruling has no impact on our analysis in this case, which we emphasize is limited to statutory costs pursuant to section 5-108, and the plain language of Rule 92(e).

¶ 31    In short, Jordan was entitled to seek statutory costs in the trial court after it entered judgment on the arbitration award. Although Rule 92(e) clearly intends for statutory costs to be addressed by the arbitrator, parties do not waive the right to seek costs in the trial court if they fail to submit a request for costs to the arbitrator.

Stated another way, both the arbitration proceeding and the trial court are proper forums in which parties may seek statutory costs pursuant to section 5-108.

¶ 32 The trial court accordingly erred in denying Jordan's motion requesting statutory costs. We thus reverse that part of the appellate court's judgment that affirmed the denial of Jordan's motion requesting statutory costs. We also affirm the part of the appellate court's judgment reversing the denial of Jordan's motion requesting prejudgment interest.

¶ 33                                    CONCLUSION

¶ 34 For the foregoing reasons, the judgment of the appellate court is affirmed in part and reversed in part. The judgment of the circuit court denying the plaintiff's motion is reversed, and the cause is remanded to the circuit court.

¶ 35 Appellate court judgment affirmed in part and reversed in part.

¶ 36 Circuit court judgment reversed.

¶ 37 Cause remanded.