2025 IL App (1st) 241821-U

No. 1-24-1821

Order filed September 30, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DANIELLE HENSLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 7004 |
| | ) | |
| NORNAT MANAGEMENT SERVICE, and | ) | Honorable |
| McDONALDS CORP., | ) | Stephanie Saltouros, |
| | ) | Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly granted defendants' motion to bar plaintiff's rejection of
an arbitration award as untimely where plaintiff's rejection was filed 22 days after
the award was filed in the circuit court.

¶ 2    Plaintiff Danielle Hensley appeals the circuit court's order granting the motion of

defendants Nornat Management Service and McDonalds Corp. to bar plaintiff's rejection of an

arbitration award as untimely.

¶ 3      On appeal, plaintiff argues that the 30-day time limit to reject an arbitration award provided by Illinois Supreme Court Rule 93 (eff. Oct. 1, 2021) should control instead of the inconsistent 14-day time limit provided by Rule 25.11 of the Circuit Court of Cook County (Local Rule 25.11) (Cook County Cir. Ct. R. 25.11 (eff. Apr. 1, 2021)).

¶ 4      For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                                    I. BACKGROUND

¶ 6      In 2021, plaintiff sued defendants for injuries she allegedly sustained at a McDonald's restaurant in 2019. In 2024, the circuit court entered an order referring the case to mandatory arbitration. The arbitration was held in May 2024, and the arbitrator entered an award in favor of defendants and against plaintiff. The arbitration award was delivered to the clerk of the circuit court and was filed on June 3, 2024.

¶ 7      Twenty-two days later, plaintiff filed her rejection of the arbitration award with the circuit court on June 25, 2024. Then, defendants moved the court to debar plaintiff from rejecting the award, arguing that the rejection was untimely. The court granted defendant's motion and entered judgment on the award. Plaintiff timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9      Plaintiff argues that Supreme Court Rule 93 and Local Rule 25.11 are in conflict regarding the deadline for a party to reject an arbitration award and that the supreme court rule should control. A review of the interpretation and compatibility of supreme court rules and local rules is construed

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

in the same manner as statutes; therefore, our review is *de novo*. See *Vision Point of Sale v. Haas*, 226 Ill. 2d 334, 342 (2007).

¶ 10    In *Jordan v. Macedo*, 2025 IL 130687, our supreme court stated:

"Cook County's mandatory arbitration program is governed by the Circuit Court Rules of Cook County. *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶ 12. Illinois Supreme Court Rule 86(c) (eff. Jan. 1, 1994) explicitly allows each judicial circuit court to adopt local rules for the conduct of arbitration proceedings that are consistent with Illinois Supreme Court rules. Importantly though, as stated in Rule 86(c), the circuit court rules must be consistent with Illinois Supreme Court rules. *Jones*, 2018 IL App (1st) 170710, ¶ 22. 'This court has long held that although circuit courts share some authority with this court to make rules, the rules promulgated by the circuit court are subject to review by this court and may not conflict with this court's rules.' *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 357 (2007)." *Jordan*, 2025 IL 130687, ¶ 26.

¶ 11    In *Jones*, 2018 IL App (1st) 170710, this court set forth the relevant history of the mandatory arbitration program and Local Rule 25.11 as follows:

"The mandatory arbitration system was first authorized by the General Assembly in 1986 [citation] and implemented the following year by the Illinois Supreme Court via the adoption of Illinois Supreme Court Rules 86 through 95. [Citations.] Under Illinois Supreme Court Rule 86(a) (eff. Jan. 1, 1994), the supreme court may approve a judicial circuit's request to implement a mandatory arbitration program and, in fact, may direct judicial circuits to do so even if they do not so request.

The circuit court of Cook County first chose to implement a mandatory arbitration program in 1990, with the approval of the Illinois Supreme Court. [Citation.] That program, governed by part 18 of the Circuit Court Rules of Cook County, is not at issue in this appeal. [Citation.]

In 2014, Cook County proposed a mandatory arbitration program for certain commercial cases. In an order dated September 25, 2014, the Illinois Supreme Court approved the request of the circuit court of Cook County to implement a two-year pilot program of mandatory arbitration for commercial cases assigned to the commercial calendar section of the law division, where the amount in controversy was $75,000 or less. See Ill. S. Ct., M.R. 9166 (eff. Oct. 1, 2014).

Following the supreme court's approval, the local rules implementing this program were adopted by a majority of the judges of the circuit court of Cook County on November 26, 2014, and made effective December 1, 2014. [Citation.] The rules are found in part 25 of the Circuit Court Rules of Cook County, titled 'Law Division Mandatory Arbitration, Commercial Calendar Section.' Cook County Cir. Ct. Rs. 25.1 to 25.17 (Dec. 1, 2014).

Among these rules in part 25, local rule 25.11 provided that '[e]ither party may reject the [arbitration] award if the rejecting party does so within seven business days after receiving the notice of the award from the Administrator.' Cook County Cir. Ct. R. 25.11 (Dec. 1, 2014).

Roughly two years later, the Illinois Supreme Court issued an order providing that the two-year pilot program 'shall continue on a permanent basis until further order of the

Court' and that it 'shall continue to be administered through local rules.' Ill. S. Ct., M.R. 9166 (eff. Oct. 1, 2016)." *Jones*, 2018 IL App (1st) 170710, ¶¶ 11-16.

¶ 12    In 2018, this court in *Jones* addressed whether Supreme Court Rule 93 or Local Rule 25.11 controls in the determination of when a rejection of an arbitration award is timely. *Id.* ¶ 20. The defendant insurer argued that Local Rule 25.11 was valid because the supreme court first approved the arbitration program as a pilot program, and then approved its permanent implementation, and that approval included not only the program itself but also the local rules governing it. *Id.* ¶ 24. *Jones* held that the version of Local Rule 25.11 in effect at the time, which provided 7 business days to reject an arbitration award, was inconsistent with Rule 93, which provides 30 days to reject an arbitration award. *Id.* ¶ 23. *Jones* noted that the supreme court has the authority to approve, and did approve, the circuit court's mandatory arbitration program, including provisions of the program inconsistent with supreme court rules, such as Local Rule 25.11. *Id.* ¶¶ 26-35, 38. *Jones* held that Local Rule 25.11 controlled because the supreme court implicitly approved the inconsistency between the two rules with respect to the time period within which to reject an arbitration award by approving the implementation of the arbitration program and specifically stating that the program "shall continue to be administered through local rules." *Id.* ¶ 34 (citing Ill. S. Ct. M.R. 9166 (eff. Oct. 1, 2016)).

¶ 13    In 2021, the circuit court of Cook County changed its mandatory arbitration rules by, *inter alia*, adding personal injury cases. Cook County Cir. Ct. R. 25.1 (eff. Apr. 1, 2021) (providing that "Mandatory Arbitration will be held in those commercial and personal injury cases assigned to the Law Division *** with damages of less than $50,000 and no retained expert witness as defined in Supreme Court Rule 213(f)(3)"). The circuit court also amended Local Rule 25.11 to extend the

time limit for rejecting an arbitration award from 7 business days to 14 calendar days. Cook County Cir. Ct. R. 25.11 (eff. Apr. 1, 2021).

¶ 14    A party's failure to timely and properly reject the arbitration award as provided in Local Rule 25.11 will constitute a waiver of the party's right of rejection. Cook County Cir. Ct. R. 25.11(c) (eff. Apr. 1, 2021). Although a local rule must yield to a conflicting Illinois Supreme Court rule (*Jones*, 2018 IL App (1st) 170710, ¶ 23), "[t]here is no question that the supreme court has the authority to permit or mandate the implementation of a court program that otherwise would be incompatible with its own rules" (*id.* ¶ 25). Local rules are presumed valid unless the party challenging validity carries its burden of establishing otherwise. *Id.* ¶ 21.

¶ 15    Plaintiff contends that the circuit court improperly granted defendants' motion to bar plaintiff's rejection of the arbitration award. Plaintiff argues that her rejection was timely under Rule 93, which allows a party 30 days to reject an arbitration award and which should preempt the amended version of Local Rule 25.11, which conflicts with Rule 93 and has not been approved by the supreme court. Specifically, although the supreme court in 2016 implicitly approved the 2014 version of Local Rule 25.11, which at the time provided for a 7-day time limit to reject an arbitration award, plaintiff argues that the supreme court has not approved the circuit court's 2021 amendment to Local Rule 25.11, which extended the rejection period from 7 to 14 days. Compare Cook County Cir. Ct. R. 25.11 (eff. Dec. 1, 2014) with Cook County Cir. Ct. R. 25.11 (eff. Apr. 1, 2021). Plaintiff argues that the circuit court made a substantive change to its mandatory arbitration program in 2021 that has not been approved by the supreme court and thus must yield to Rule 93's longer, 30-day time period. Plaintiff contends that, unlike in *Jones*, the current version of Local Rule 25.11 was not in place when the supreme court entered order M.R. 9166 in 2016,

which implicitly approved the 2014 version of Local Rule 25.11. According to plaintiff, without this approval, the rejection period for cases outside of the commercial calendar is 30 days.

¶ 16    We agree with plaintiff that the 14-day time limit to reject an arbitration award, as provided in the current version of Local Rule 25.11, conflicts with Rule 93's 30-day time limit to reject an arbitration award. We also agree with plaintiff that our supreme court has not approved, either explicitly or implicitly, the current version of Local Rule 25.11, which was amended by the circuit court in 2021. Nevertheless, the circuit court properly granted defendants' motion to bar plaintiff's rejection of the award because that rejection was filed more than 7 business days after plaintiff received notice of the award from the administrator, as provided by the 2014 version of Local Rule 25.11, which was implicitly approved by our supreme court in 2016. Thus, plaintiff is not entitled to the 30-day time limit provided in Rule 93.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 19    Affirmed.